**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Ray White,<br><br>   Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>   Respondents. | No. CV-08-8139-PCT-GMS<br><br><br>**ORDER** |

In orders dated June 29 and July 9, 2009, the court stayed these proceedings, appointed an independent mental health expert to assess Petitioner's competence, and ordered Petitioner's habeas counsel and the Arizona Department of Corrections to provide relevant information to the expert. (Dkt's. 52, 56.) Petitioner filed a motion to stay the orders pending resolution of a writ of mandamus filed with the Ninth Circuit Court of Appeals. (Dkt. 58.) Petitioner objects to the orders on the grounds that he has not affirmatively raised a claim of incompetence and that the conditions of the orders interfere with the attorney-client privilege. Respondents oppose Petitioner's motion for a stay. (Dkt. 61.)

The Court stayed these habeas proceedings pending a determination of competency based on concerns expressed repeatedly by Petitioner's counsel that their client may be unable to communicate with them rationally and may therefore be incompetent under *Rohan*

*ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003). These concerns prompted counsel to seek a neuropsychological examination of Petitioner, which was performed in January 2009. (*See* Dkt. 26.) Citing the same concerns, counsel also sought an extension of the deadline for filing an amended habeas petition. (*See, e.g.*, Dkt. 42.) Because a stay of these proceedings would be mandated under *Rohan* if counsel's concerns about Petitioner's competence were well-founded, and because Petitioner's counsel did not move for such a determination while repeatedly urging it, the Court determined that an independent examination represented the best means of pursuing an orderly and expeditious disposition of the case and of safeguarding Petitioner's right to be competent during these proceedings.

Upon consideration of Petitioner's Motion to Stay, the Court determines that although its June 29 order made some attempt to avoid placing Petitioner's counsel in an untenable position with respect to their client, it was not wholly successful. Further, in light of the neuropsychological evaluation of Petitioner which occurred approximately six months ago, and his communications with counsel since the inception of representation, if Petitioner is not competent to communicate with his counsel, adequate time has passed for counsel to make an appropriate motion to the Court for a stay based on such lack of competence. The Court thus concludes that it erred in ordering its own evaluation of Plaintiff's competency to communicate in lieu of denying Petitioner's Motion for Extension of the Deadline for Filing An Amended Habeas Petition (Dkt. 42) to the extent it was based on such asserted incompetency.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to stay the orders dated June 29, 2009, and July 9, 2009 (Dkt. 58) is **denied.**

**IT IS FURTHER ORDERED vacating** the Court's order staying these proceedings (Dkt. 52), and the orders of July 7, 2009 (Dkt. 54), and July 9, 2009 (Dkt. 56).

**IT IS FURTHER ORDERED vacating** the portion of the Court's order of July 9, 2009, requiring Petitioner to file a reply to the response to his motion for a stay (Dkt. 60).

**IT IS FURTHER ORDERED** that Respondents' motion for a contact visit (Dkt. 57)

is **denied** as moot.

Because the stay is now lifted, the Court will also rule on Petitioner's Motion for Extension of Time (Dkt. 42). To the extent that motion is based on concerns about Petitioner's competence to communicate, it is denied. As *Rohan* instructs, and as the Court previously observed, if Petitioner is not competent to communicate with his counsel, that deficit cannot be cured by giving counsel more time to communicate with Petitioner. Nevertheless, based on other reasons asserted for an extension of time, and taking into account the State's lack of objection to a two-month extension, together with the approximately two weeks the stay was in effect,

**IT IS FURTHER ORDERED** that Petitioner's amended habeas petition shall be filed no later than **October 2, 2009.**

DATED this 13th day of July, 2009.

G. Murray Snow
United States District Judge