**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Ray White,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 08-8139-PCT-GMS<br><br>DEATH PENALTY CASE<br><br>**PROTECTIVE ORDER** |

Petitioner has moved for a protective order to limit use of privileged information disclosed in connection with litigation of his competency to communicate rationally with counsel in these proceedings. (Dkt. 91.) In particular, the Court's expert, Dr. Sally Johnson, has asked to observe Petitioner interact with his counsel. Respondents do not oppose a protective order for privileged information disclosed to the Court's expert during her competency evaluation but contend that Petitioner's proposed order is unnecessarily broad. (Dkt. 95 at 3.) Respondents also contend that information developed with respect to Petitioner's competency may be relevant to some of Petitioner's underlying habeas claims and that, if the Court finds Petitioner competent to proceed with his habeas petition, this information should not be precluded from use in defending against these claims. (*Id.* at 4-5.)

On April 19, 2010, the Court heard argument on Petitioner's motion. Petitioner's counsel acknowledged that disclosure of "the data or other information" considered by their testifying expert was required under Rule 26(a)(2)(B) of the Federal Rules of Civil

Procedure. After extensive discussion, the parties stipulated that any privileged communications between Petitioner and his counsel overheard by Dr. Johnson during the course of her observation of Petitioner's conference(s) with his counsel should be protected from use for any purpose other than determining Petitioner's competency. With respect to other materials disclosed during litigation of Petitioner's competency, the parties agreed that Petitioner reserved the right to both assert that such materials are privileged and that such information should not be used to litigate Petitioner's habeas claims or in any future state court proceedings, pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc).

Based on the foregoing,

**IT IS HEREBY ORDERED** that the Motion for Protective (Dkt. # 91) Order is granted in part and denied in part.

**IT IS FURTHER ORDERED** that any communications between Petitioner and his counsel overheard by the Court's expert, Dr. Sally Johnson during the course of her observation of Petitioner's conference(s) with his counsel, shall be used only in the context of determining Petitioner's present competency to assist habeas counsel and for no other purpose. Any such privileged statement or communications documented or testified to by Dr. Johnson shall not be offered or admitted into evidence by or against Petitioner on any issue other than Petitioner's current competency. This Order shall continue in effect after the conclusion of these habeas proceedings and shall specifically apply in connection with any future state court proceedings, except that either party maintains the right at any time to request modification or vacation of this Order.

**IT IS FURTHER ORDERED** that, with respect to any other information disclosed during the litigation of Petitioner's current competency, the parties retain the right to seek its use or to preclude its use in either the litigation of his underlying habeas claims or any future state court proceedings.

**IT IS FURTHER ORDERED** that all materials provided by the parties to Dr. Johnson shall be maintained by Dr. Johnson, as well any colleague or other mental health expert with whom she consults, in a confidential manner.

**IT IS FURTHER ORDERED** that no later than **May 3, 2010**, the parties shall provide to the Court any materials either party believes are relevant to a preliminary determination concerning Petitioner's competency or the need for a full-blown competency evidentiary hearing. Any request to file these materials under seal shall specifically address the public's common law right of access to judicial documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (observing that the presumption of access is overcome only by showing "sufficiently compelling reasons for doing so").

DATED this 21st day of April, 2010.

G. Murray Snow
United States District Judge