**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Ray White,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 08-8139-PCT-GMS<br><br>DEATH PENALTY CASE<br><br>**ORDER DENYING MOTION TO LIFT STAY AND VACATE ORDER FOR COMPETENCY RESTORATION** |

Before the Court is Respondents' Motion to Lift Stay and Vacate Order for Competency Restoration in Light of *Cullen v. Pinholster*. (Doc. 215.) Petitioner filed an opposition, and Respondents filed a reply. (Docs. 224, 225.)

## **BACKGROUND**

Shortly after initiation of this habeas proceeding, Petitioner, through his counsel, filed a habeas petition raising 53 claims for relief. At the time it was filed, counsel were operating under an imminent statute of limitations deadline. *See* 28 U.S.C. § 2244(d). Consequently, the Court granted leave for Petitioner to file an amended petition, subject to any defenses Respondents might raise in their answer to the amended petition.

Just prior to the amended petition filing deadline, Petitioner's counsel sought a stay to determine Petitioner's competency to communicate and assist counsel. In the motion, counsel identified the following claims as ones that would benefit from Petitioner's assistance:

Claim 1 – Ineffective Assistance of Resentencing Counsel

Claim 15 – Ineffective Assistance of Trial Counsel

Claim 16 – Ineffective Assistance of Appellate Counsel

Claim 41 – Trial Counsel Conflict of Interest

Claim 42 – Shackling during Trial

Claim 43 – Judicial Bias

The motion further asserted that one of Petitioner's previous attorneys lost trial counsel's file, trial counsel has little or no memory of the proceedings or his decision-making process, and "many pretrial and trial proceedings in this case were not recorded." (Doc. 66 at 10.)

After examination by experts, the Court accepted the parties' stipulation that Petitioner is not presently competent, pursuant to *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003), and directed that the case be stayed pending Petitioner's restoration. Subsequently, the Supreme Court issued an opinion in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), and Respondents filed the instant motion, arguing that the *Pinholster* decision abrogates the necessity for a *Rohan* stay in this case.

## **DISCUSSION**

For claims adjudicated on the merits by a state court, habeas relief may be granted only if the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, 28 U.S.C. § 2254(d)(1), or was based on an objectively unreasonable determination of facts in light of the evidence presented in state court, 28 U.S.C. § 2254(d)(2). In *Pinholster* the Court held that habeas review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Consequently, new evidence introduced for the first time in federal court may not be considered in determining whether a state court's adjudication of a claim was objectively unreasonable.

1  Respondents argue that *Rohan* and its progeny rest on the presumed need for rational
2  communication between an attorney and a prisoner to develop new evidence in support of
3  habeas claims. In their view "the concerns underlying *Rohan* are no longer valid" given
4  *Pinholster*'s prohibition on the consideration of new evidence in federal court, and counsel
5  must rely on the state court record to present a prisoner's claims. (Doc. 215 at 6.)

6  Respondents also argue that this Court must conduct a claim-specific inquiry to justify
7  a continued *Rohan* stay. To this end, Respondents assert that Petitioner received evidentiary
8  hearings in state court on many of the allegations underlying his claims of trial, appellate, and
9  resentencing counsel ineffectiveness, and that these claims were adjudicated on the merits
10 by the state court. Therefore, according to Respondents, this Court may consider only the
11 evidence presented in state court to resolve the claims, and any additional information
12 Petitioner may possess is irrelevant.

13 Finally, Respondents assert that the remaining claims identified by Petitioner's
14 counsel in their initial motion for competency determination, including Claims 41, 42, and
15 44, were never presented in state court and Petitioner has no available remedy to exhaust
16 them in state court now. Thus, the claims are procedurally defaulted, and any information
17 possessed by Petitioner with respect to these claims is irrelevant. Respondents further
18 contend that counsel can develop Claims 41, 42, and 44 through sources other than
19 Petitioner.

20 Petitioner's counsel argue that Respondents' motion is premature, misstates the
21 holdings of *Rohan* and its progeny, and exaggerates the extent of *Pinholster*. Counsel
22 contend that Petitioner is not limited to the claims presented in the initial petition because the
23 Court authorized the filing of an amended petition and that filing has yet to take place due
24 to the *Rohan* litigation. In counsel's view, moving forward solely on the claims presented
25 in the initial petition would prevent Petitioner from presenting support for those claims and
26 inhibit his raising other claims not yet developed due to Petitioner's incompetence. Counsel
27 also argue that Respondents' assertions of procedural default are premature because
28

- 3 -

1  Respondents have not filed an answer, which will occur only after the filing of the amended
2  petition. Moreover, according to Petitioner's counsel, even if the Court were to conduct a
3  procedural default analysis, Petitioner's competency is necessary to assist counsel with
4  cause/prejudice and miscarriage of justice arguments relevant to overcoming any default.

5  Petitioner's counsel also argue that the Ninth Circuit in *Rohan*, and subsequently in
6  *Nash v. Ryan*, 581 F.3d 1048 (9th Cir. 2009), and *In re Gonzales*, 623 F.3d 1242 (9th Cir.
7  2010), discusses the need for rational communication between counsel and a capital
8  petitioner in contexts other than the development of new evidence. In *Nash*, for example, the
9  court recognized the necessity for rational communication during a record-based appeal from
10 denial of federal habeas relief, observing that counsel may need to communicate with a client
11 to obtain "factual context" not evident from review of state and district court records.
12 Counsel argues that in this case, given the lost trial file and trial counsel's professed lack of
13 memory, rational communication with Petitioner is necessary to make fully informed
14 decisions about how to effectively prosecute his claims.

15 Finally, counsel argue that Respondents' reading of *Pinholster* is overly broad because
16 it "ignores the other uses for which newly developed evidence might be properly used" such
17 as developing support to overcome affirmative defenses (e.g., procedural default) and
18 developing new claims for which avenues of state court review are not precluded.

19  Relevant Caselaw

20 *Rohan* dictates that an incompetent capital petitioner's habeas proceeding must be
21 stayed if he has raised claims "that could potentially benefit from his ability to communicate
22 rationally" with counsel. *Rohan*, 334 F.3d at 819. In *Rohan* the Ninth Circuit found that at
23 least some of the petitioner's claims could potentially benefit from his assistance. In
24 particular, the court noted that ineffective assistance of counsel claims depend in large
25 measure on facts outside the record and therefore a petitioner's private knowledge could be
26 relevant. *Id.* at 818. The court further observed:

- 4 -

> We can only speculate what evidence Gates might offer. But that doesn't detract from the probability that *some* corroborating evidence within his private knowledge exists. By forcing Gates to proceed notwithstanding his incompetence, the trial court would effectively prevent him from ever presenting that evidence to a federal tribunal.

*Id.*

In *Nash* the Ninth Circuit extended the right of competence to federal habeas appeals. Although an appeal is record-based and any extra-record facts presented as part of the habeas petition already would be part of the district court record, the court observed that "counsel may nonetheless need to communicate with his client to understand fully the significance and context of those facts so that he may pursue the most persuasive arguments on appeal." *Nash*, 581 F.3d at 1053. In reaching this conclusion, the court noted:

> The ability to elicit information from a petitioner may be critical to the success of claims where the information the petitioner possesses will supply factual context that counsel cannot understand or appreciate from review of the state and district court records. Moreover, where—as here—appellate counsel contends that inadequate factfinding by the state and district courts forms part of the basis for relief, and requests that this court remand for an evidentiary hearing, the petitioner's ability to impart his unique knowledge of past events or personal history is essential. Appellate counsel's decision to emphasize certain arguments, and to focus on different facts and theories, may likewise depend on the information relayed by the petitioner—information that the record may supply in part, but not in whole.

*Id.* at 1053-54.

The *Nash* court also rejected the argument that AEDPA's limits on judicial review, which were inapplicable in *Rohan*, diminished the need for rational communication between counsel and a capital petitioner. *Id.* at 1054 n.8. "The AEDPA does not modify or diminish counsel's statutory duty to provide meaningful representation, and to communicate with a petitioner to the extent necessary to accomplish that objective." *Id.* Finally, the court found that counsel's appeal of Nash's trial and sentencing ineffectiveness claims could potentially benefit from Nash's ability to communicate rationally. With regard to counsel's alleged failure to present adequate mitigating evidence, the court concluded that Nash is "better positioned than anyone to identify aspects of his personal history that should have been, but were not, elicited." *Id.* at 1055 (quoting *Rohan*, 334 F.3d at 818).

1    In *Gonzales* the Ninth Circuit declined to find that competency is categorically
2  irrelevant when the only remaining claims are record-based or purely legal questions.
3  Rather, the court undertook a "claim specific" inquiry and concluded that communication
4  between Gonzales and his counsel was necessary to meaningfully prosecute claims alleging
5  counsel ineffectiveness and judicial bias. *Gonzales*, 623 F.3d at 1245. Specifically, the court
6  found that, like the petitioner in *Nash*, Gonzales had been assisted by numerous attorneys
7  over the course of his trial and sentencing and that his judicial bias claim "centers on events
8  regarding which 'counsel may . . . need to communicate with [Gonzales] to understand fully
9  the significance and context' of key facts so that counsel can pursue the most persuasive
10 arguments." *Id.*, *quoting Nash*, 581 F.3d at 1048 (alteration in original).

11   The Ninth Circuit's most recent application of *Rohan* occurred in *Blair v. Martel*, 645
12 F.3d 1151 (9th Cir. 2011), in which the court held: "When the law forecloses a petitioner's
13 habeas claim no matter what arguments he might make, we see no benefit that could come
14 from the petitioner's communications with his lawyer, rational or otherwise." *Id.* at 1156.
15 Consequently, "whether a habeas petitioner has the competence to assist his lawyer or not,
16 a habeas petition raising only claims for relief that fail as a matter of law must be denied."
17 *Id.* In *Blair* the only claim before the court was whether the petitioner had a due process
18 right to a speedy appeal; the court found that no Supreme Court case clearly established such
19 a right and therefore the claim failed.

20   Analysis

21   Pursuant to *Rohan*, this Court must determine whether the claims raised in Petitioner's
22 petition are ones that could potentially benefit from his ability to rationally communicate
23 with counsel. It is evident from the pertinent caselaw that the Circuit intends district courts
24 to broadly construe the "potentially benefit" standard when conducting the necessary claim-
25 specific inquiry. In addition, in *Rohan*, *Nash*, and *Gonzales*, the court found that claims
26 alleging ineffective assistance of counsel at trial and sentencing were ones that could
27 potentially benefit from rational communication with the petitioner.

- 6 -

1    Here, Petitioner has raised numerous ineffectiveness claims, including an alleged
2 conflict of interest, as well as claims of judicial bias and improper shackling. Given the
3 similarity between his claims and those at issue in *Rohan*, *Nash*, and *Gonzales*, it appears that
4 Petitioner has raised at least one claim that could potentially benefit from his competency.
5 *Cf. Mulder v. Baker*, No. 3:09-CV-610-PMP-WGC, 2011 WL 4479771, at *20 (D. Nev.
6 Sept. 26, 2011) (unpublished) (finding penalty-phase ineffectiveness claim— alleging failure
7 to investigate and present available mitigation evidence—would benefit from petitioner's
8 competency).

9    Respondents make a plausible argument that under *Pinholster* this Court may be
10 precluded from considering any new evidence in support of the merits of Petitioner's claims
11 and thus Petitioner's competency would be irrelevant to resolution of his claims. However,
12 this case has yet to be fully briefed—the Court granted leave for Petitioner to file an amended
13 petition, which has not occurred due to Petitioner's present incompetency. Until Petitioner
14 is restored to competency, his counsel are unable to obtain his assistance in preparing the
15 amended petition, which will presumably include more factual detail than the initial petition
16 and may include claims not previously raised. And until the amended petition is filed and
17 responsive briefing received, the Court is in no position to determine whether the state court
18 ruled on the merits of Petitioner's claims and whether such ruling was objectively reasonable
19 under 28 U.S.C. § 2254(d). In addition, Respondents have indicated they intend to raise
20 procedural defenses to some of Petitioner's claims. If so, claims for which Respondents
21 assert procedural bars may potentially benefit from Petitioner's ability to assist counsel in
22 responding to such defenses. *See Nash*, 581 F.3d at 1053-54 ("[C]ounsel's decision to
23 emphasize certain arguments, and to focus on different facts and theories, may likewise
24 depend on the information relayed by the petitioner—information that the record may supply
25 in part, but not in whole.").

26    Although this Court's review of Petitioner's claims ultimately may be limited to the
27 record available to the state court, at this stage of the proceedings it is premature for the

- 7 -

1  Court to assess the impact of *Pinholster* on Petitioner's claims.  Moreover, Petitioner has
2  raised at least one claim that could potentially benefit from his competence.  Accordingly,
3  and in light of the State's concession that Petitioner is presently incompetent, *Rohan* requires
4  that these proceedings remain stayed.

5      Based on the foregoing,

6      **IT IS ORDERED** that Respondents' Motion to Lift Stay and Vacate Order for
7  Competency Restoration in Light of *Cullen v. Pinholster* (Doc. 215) is **DENIED**
8  **WITHOUT PREJUDICE**.

9      **IT IS FURTHER ORDERED** amending the Court's order of June 7, 2011 (Doc.
10  226), and directing Respondents to file a status report every six months beginning **June 1,**
11  **2012**, updating the Court on when, or if, a competency restoration treatment plan will be
12  proposed.

13      DATED this 31st day of January, 2012.

G. Murray Snow
United States District Judge

- 8 -