**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Ray White, | ) | No. CV-08-08139-PCT-SPL |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles L. Ryan, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Before the Court is Petitioner's Motion to Alter or Amend Judgment. (Doc. 287.) Petitioner asks the Court to reconsider its order and judgment of July 10, 2015, which denied Petitioner's motion for evidentiary development and his petition for habeas corpus relief. (Docs. 285, 286.) As set forth below, the motion will be denied.

**I.     DISCUSSION**

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Petitioner's motion addresses three claims. First, Petitioner requests clarification of an inconsistency in the Court's discussion of Claim 1(B). As Petitioner notes, the order

contains a typographical error on page 18.[1] The sentence should read, "The Court disagrees."

Petitioner next argues that the Court made a clear error of law by applying the wrong standard in evaluating Claim 5, which alleges Sixth and Fourteenth Amendment violations based on the cumulative effect of trial counsel's deficiencies. Petitioner argues that the Court applied the incorrect standard when it noted that Petitioner had failed to establish prejudice from any of counsel's alleged deficiencies. This argument mischaracterizes the Court's ruling.

In noting that Petitioner's individual claims of ineffective assistance of counsel lacked merit, the Court cited *Davis v. Woodford*, 384 F.3d 628, 654 (9th Cir. 2004), in which the Ninth Circuit explained:

> It is true that, although individual errors may not rise to the level of a constitutional violation, a collection of errors might violate a defendant's constitutional rights. *Harris v. Wood*, 64 F.3d 1432, 1438 (9th Cir. 1995). The cumulative error doctrine does not aid Davis, however, because we are not faced with such a case. As our discussion of the ineffective assistance claims illustrates, Davis has not demonstrated prejudice as to the individual claims, and the nature of the claims does not support a conclusion of cumulative prejudice.

As in *Davis*, the nature of Petitioner's ineffective assistance of counsel claims does not support a conclusion of cumulative prejudice.

This Court further found that counsel's performance did not render Petitioner's trial "fundamentally unfair," as required for relief under the cumulative error doctrine. *Id.*; *Harris v. Wood*, 64 F.3d at 1438. In making this determination the Court noted the strength of the State's case and the overwhelming evidence of Petitioner's guilt. *See Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007).

---

[1] The passage at issue reads: "Petitioner contends that the PCR court's denial of the claim was based on an unreasonable determination of the facts and constituted an unreasonable application of *Strickland*. (Doc. 273 at 50.) The Court *agrees*." (Doc. 285 at 18) (emphasis added).

The Court applied the correct standard in reviewing this claim. There was no clear error of law.

Finally, Petitioner asks the Court to reconsider its denial of Claim 27 and order further briefing on Petitioner's argument that the death penalty is unconstitutional on its face. (Doc. 287 at 4–5.) The Court denied the claim, citing *Gregg v. Georgia*, 428 U.S. 153 (1976), as controlling authority for the proposition that the death penalty is not *per se* unconstitutional. Petitioner argues that the Court should reconsider its ruling based on one of the dissenting opinions in *Glossip v. Gross*. In *Glossip*, the United States Supreme Court affirmed the denial of a preliminary injunction challenging Oklahoma's lethal injection protocol. 135 S. Ct. 2726 (2015). In dissent, Justice Breyer expressed his opinion that it is "highly likely that the death penalty violates the Eighth Amendment." *Id.* at 2776–77 (Breyer, J., joined by Ginsberg, J., dissenting). Justice Breyer's dissent in a case where the constitutionality of the death penalty was not before the Court is not a basis for this Court to reconsider its denial of Claim 27.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Alter or Amend (Doc. 287) is **denied**.

Dated this 18th day of August, 2015.

Honorable Steven P. Logan
United States District Judge